IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 06-cv-01368-PSF-MJW

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff(s),

v.

COMPUTERS PLUS USA, INC., a Colorado corporation, and
RAWN S. TAKACS, an individual,

Defendant(s).

---

**ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE OF COPYRIGHT MISUSE WITH INCORPORATED LEGAL AUTHORITY (DOCKET NO. 10)**

---

This matter is before the court on Plaintiff's Motion to Strike Affirmative Defense of Copyright Misuse with Incorporated Legal Authority (docket no. 10). The court has reviewed the motion, response (docket no. 13) and reply (docket no. 20). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The purpose of Fed. R. Civ. P. 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case. U.S. v. Smuggler-Durant Mining Corp., 823 F. Supp. 873, 875 (D. Colo. 1993).

In order to prevail on a motion to strike a defense for legal insufficiency, a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no questions of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.  <u>U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc.</u>, 297 F. Supp.2d 531, 533 (E.D.N.Y. 2003).  In conducting this analysis, the court should construe the pleadings liberally in favor of the defendant (the non-moving party). <u>Tompkins v. R. J. Reynolds Tobacco Co.</u>, 92 F. Supp. 2d 70, 80 (N.D.N.Y. 1999).  If a defense is stricken by the court, the pleader will generally be granted leave to file an amended answer unless the amendment would be futile.  <u>U.S. v. Green</u>, 33 F.Supp.2d 203, 212 (W.D.N.Y. 1998); U. S. v. 416.81 Acres of Land, 514 F.2d 627 (7th Cir. 1975).

Here, the court finds that Plaintiff Microsoft Corporation has failed to demonstrate to this court any real prejudice if the subject defense of copyright misuse is permitted to remain.  Plaintiff Microsoft Corporation has further failed to demonstrate how, by allowing the defense of copyright misuse to remain in this case, this would substantially impair its ability to prosecute its case.  Moreover, the court finds that this issue concerning copyright misuse is interconnected to other disputed issues in this copyright litigation and thus additional expense to conduct discovery would not be substantial since the parties would have to conduct discovery on the interconnected issues anyway.   Accordingly, for all of these reasons, the subject motion should be denied.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, the court ORDERS:

1. That Plaintiff's Motion to Strike Affirmative Defense of Copyright Misuse with Incorporated Legal Authority (docket no. 10) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done and signed this 26th day of October, 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge