IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01368-PSF-MJW

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

v.

COMPUTERS PLUS USA, INC., a Colorado corporation; and
RAWN S. TAKACS, an individual,

    Defendants.

---

**ORDER ON MOTION TO STRIKE ANSWER**

---

    This matter is before the Court on Plaintiff's Motion to Strike Answer (Dkt. # 54), filed on May 3, 2007.  This Court issued a Minute Order (Dkt. # 55) requiring defendants to respond to the motion to strike by May 21, 2007.  To date, no response has been filed.[1]  Also pending before the Court is Plaintiff's Objection to Magistrate Judge's Order Denying Microsoft's Motion to Strike Affirmative Defense of Copyright Misuse (Dkt. # 28), filed on November 8, 2006.  Defendants filed a response to the objection on November 15, 2006 (Dkt. # 32).  Having reviewed the parties' submissions and the applicable law, the Court enters the following Order.

---

[1] Defendants' attorney filed a motion to withdraw as counsel of record for defendants on May 23, 2007 (Dkt. # 62), two days after the response to plaintiff's motion to strike was due.  The Court granted the motion (Dkt. # 64) and, because one of the defendants is a corporate entity that may not appear in this Court without counsel, ordered the parties to retain new counsel no later than June 25, 2007 or risk default.

**I.     BACKGROUND**

Plaintiff Microsoft Corporation ("Microsoft") filed this action on July 14, 2006, seeking damages and injunctive relief against defendants for copyright and trademark infringement and unfair competition.  *See generally* Compl. (Dkt. # 1).  Defendants filed their answer on August 11, 2006, in which they asserted, among others, the affirmative defense of copyright misuse.  Answer (Dkt. # 9) at 5.  On September 5, 2006, plaintiff filed a Motion to Strike Affirmative Defense of Copyright Misuse (Dkt. # 10), arguing that the defense was unrelated to the action and thus insufficient as a matter of law.  The Magistrate Judge denied the motion to strike on October 26, 2006 (Dkt. # 27), and plaintiff then filed the underlying objection.

In the meantime, several discovery issues have arisen in the case.  First, defendants apparently have never provided to plaintiff their required initial disclosures under F.R.Civ.P. 26(a)(1), which were originally due on September 20, 2006.  Pl.'s Mot. to Strike at 2.  Second, defendants have repeatedly failed to respond to plaintiff's discovery requests.  Plaintiff served its first sets of interrogatories and requests for production on October 25, 2006.  Exs. 1 & 2 to Pl.'s Mot. to Compel (Dkt. # 38).  When defendants failed to respond after plaintiff granted them an extension, plaintiff filed a motion to compel on March 23, 2007, to which defendants also never responded.  On April 23, 2007, the Magistrate Judge issued an Order (Dkt. # 50) granting plaintiff's motion to compel, deeming the motion confessed based on defendants' failure to respond, and ordering defendants to provide full and complete responses to all discovery on or before April 30, 2007.  The Magistrate Judge also awarded plaintiff the

reasonable and necessary attorney's fees and costs incurred in filing the motion. Upon stipulation of the parties, the Magistrate Judge set the amount of the fees at $500 (Dkt. # 53). To this date, and in violation of the Magistrate Judge's Order, defendants have failed to respond to plaintiff's discovery requests.

Defendants have also failed to appear for their depositions. On March 21, 2007, the parties filed a stipulated motion (Dkt. # 35) giving plaintiff until April 18, 2007 to depose defendants. The parties filed a second stipulated motion on April 13, 2007 (Dkt. # 46), which provided that defendants would be deposed on April 30, 2007 and which the Magistrate Judge granted on April 17, 2007 (Dkt. # 48). Defendants failed to appear on April 30, 2007 for their depositions, although their counsel was present. Ex. 1 to Pl.'s Mot. to Strike.

**II.     MOTION TO STRIKE ANSWER (DKT. # 54)**

Plaintiff requests that the Court strike defendants' answer pursuant to F.R.Civ.P. 37 "[i]n light of Defendants' refusal to participate in this litigation and their failure to comply with this Court's Order and their discovery obligations." Pl.'s Mot. to Strike at 4. Under Rule 37, a court may impose sanctions against a party for, among other things, failure to obey an order to provide discovery; failure to disclose the required information under Rule 26(a), unless the failure is substantially justified or harmless; failure to attend the party's properly noticed deposition; and failure to serve answers or objections to properly served interrogatories. F.R.Civ.P. 37(b)(2), (c)(1), (d). The court "may make such orders in regard to the failure[s] as are just," including "striking out pleadings or parts thereof." F.R.Civ.P. 37(b)(2)(C).

Striking a defendant's answer, like the corresponding sanction of dismissal of a plaintiff's complaint, is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In evaluating what constitutes a just sanction, a court should generally consider the following factors: (1) the degree of actual prejudice to the moving party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 921 (citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*

Having considered these factors and the record, the Court holds that striking defendants' answer is a "just" sanction that is appropriate under the circumstances of this case. Indeed, four of the five factors support such a sanction. First, defendants have utterly failed to participate in discovery since the action was filed. This has resulted in delay, plaintiff's inability to prepare its case, and ever increasing attorney's fees and costs, which clearly constitute prejudice to plaintiff. As to the second factor, in willfully failing to comply with the Magistrate Judge's Order compelling discovery, defendants have "flouted the court's authority," thereby interfering with the judicial process. *Ehrenhaus*, 965 F.2d at 921 (quoting the district court's order, which noted, "If this [party] could ignore court orders here without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos.") (alterations omitted).

4

Under the third factor, defendants have provided no justification for their failures to comply with court orders, or indeed to participate in discovery at all. Although defendants' business apparently burned down "[i]mmediately prior to" a settlement conference that was conducted in this case on December 14, 2006, Stip. Mot. (Dkt. # 35) ¶ 1, defendants have not explained why they did not comply with the disclosure and discovery deadlines prior to that date, nor have they explained why they subsequently failed to respond in any manner to any discovery request or the Magistrate Judge's Order to the extent they were able. In fact, defendants stipulated to having their depositions taken on a specific date, and then failed to appear on that date. The Court finds that such actions amount to intentional refusal to appear and to comply with plaintiff's discovery requests, which constitutes willful disobedience of two court orders.

The fifth factor, the efficacy of lesser sanctions, also supports striking defendants' answer, as monetary sanctions have already been awarded against defendants to no avail. In granting plaintiff's motion to compel, the Magistrate Judge awarded plaintiff attorney's fees incurred in filing the motion. Nevertheless, defendants proceeded to violate the court's order by failing to provide discovery responses to plaintiff's requests. Given defendants' repeated unwillingness to comply with its obligations, with or without a court order, the Court finds that lesser sanctions would likely be ineffective.

The only factor that weighs against striking defendants' answer is the fourth, as defendants have not been warned by the court that dismissal could be a potential

sanction. However, in light of the other four factors and considering the record as a whole, the Court finds the requested sanction is appropriate. *See Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995) (noting that the "egregious nature" of the plaintiff's conduct, the prejudice to the defendant, and the degree of interference with the judicial process properly led to the district court's dismissing the action despite the fact that the plaintiff had not been warned of the imminent dismissal).

### III.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Plaintiff's Motion to Strike Answer (Dkt. # 54) is GRANTED;

2. Defendants' Answer to Complaint (Dkt. # 9) is STRICKEN; and

3. In light of these rulings, Plaintiff's Objection to Magistrate Judge's Order Denying Microsoft's Motion to Strike Affirmative Defense of Copyright Misuse (Dkt. # 28) is OVERRULED AS MOOT.

DATED: June 14, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge